IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,** § § § §<br>One Hartford Plaza § §<br>Hartford, Connecticut 06155 § § § **CIVIL ACTION NO.** 17-cv-96<br>       **Plaintiff,** § §<br>v. § § §<br>**VICENTE CUELLAR** § §<br>El Paso County Jail Annex § §<br>12501 Montana § §<br>El Paso, Texas 79938 § § § §<br>**ASHLEY CUELLAR** § §<br>12918 Bret Harte Dr. § §<br>El Paso, Texas 79928 § § § §<br>**THE NEXT FRIEND TO S.C., a minor,** § § § §<br>       **Defendants.** § § | |

### COMPLAINT IN INTERPLEADER

Plaintiff, Hartford Life and Accident Insurance Company ("Plaintiff" or "Hartford"), through undersigned counsel, does hereby file this Complaint in Interpleader and states as follows:

### I. PARTIES

1.     Hartford is a corporation organized under the laws of Delaware with its principal place of business in the State of Connecticut.

2.     Upon information and belief, defendant Vicente Cuellar was the husband of Maria De Los Angeles Cuellar ("Decedent"), and is and/or was at all relevant times a citizen and resident of El Paso, Texas.

3. Upon information and belief, defendant Ashley Cuellar was the daughter of Decedent, and is and/or was at all relevant times a citizen and resident of El Paso, Texas.

4. Upon information and belief, defendant S.C., a minor, was the daughter of Decedent, and is and/or was at all relevant times a citizen and resident of El Paso, Texas.

## II.   JURISDICTION AND VENUE

5. This Court has original jurisdiction of this matter pursuant to 28 U.S.C. §1332 because the parties are of diverse citizenship and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Further, this Court has jurisdiction over this interpleader action brought pursuant to Rule 22 of the Federal Rules of Civil Procedure.

6. Venue is proper pursuant to 28 U.S.C. §1391(b), because at least one of the defendants resides in this District and a substantial part of the events giving rise to this action occurred in this District.

## III.   FACTUAL BACKGROUND

7. Decedent was an employee of Clint Independent School District ("Employer"). Decedent was insured by a policy of life insurance and accidental death and dismemberment ("ADD") benefits, Policy No. GL-395333 ("Policy"), issued by Hartford effective January 1, 2015. A true and correct copy of the Policy is attached hereto as Exhibit A.

8. Decedent died on December 9, 2015. Decedent's cause of death was a gunshot wound to the torso and was ruled a homicide. A true and accurate copy of the Decedent's death certificate is attached hereto as Exhibit B.

9. At the time of her death, Decedent was enrolled under the Policy for $25,000 in Basic Life Insurance, $25,000 in Basic Accidental Death and Dismemberment Benefits, and

$100,000 in Supplemental Life Insurance ("Policy Benefits"). A true and accurate copy of the Beneficiary Designation for the Policy Benefits is attached hereto as Exhibits C.

10. The Policy Benefits are in excess of $75,000, exclusive of interest and costs.

11. The Policy establishes the right of the insured to make a Beneficiary Designation by filing a form with the Employer. *See*, Exhibit A at Bates numbered page 21.

12. The Policy states that life insurance and accidental death and dismemberment benefits are to be paid in accordance with the Beneficiary Designation. *See*, Exhibit A at Bates numbered page 21.

13. Decedent designated Vicente Cuellar as her 100% Primary Beneficiary of the Policy Benefits. *See* Exhibit C.

14. Decedent designated S.C., a minor, as a 50% Contingent Beneficiary of the Policy Benefits. *See*, Exhibit C.

15. Decedent designated Ashley Cuellar as a 50% Contingent Beneficiary of the Policy Benefits. *See*, Exhibit C.

16. On January 22, 2016 Vicente Cuellar submitted a claim for the Policy Benefits. A true and accurate copy of Vicente Cuellar's claim form attached hereto as Exhibit D.

17. After an eight-month investigation, on August 31, 2016, Vicente Cuellar was arrested for the murder of Decedent.

18. Upon information and belief, Vicente Cuellar is currently in custody at the El Paso County Sherriff's Jail, Booking # 9670567, and charged with capital murder of multiple persons with no bail.

19. Upon information and belief, Vicente Cuellar's jury trial is scheduled for August 14, 2017, Case No. 20160D04843.

20. Under Title 7, Subchapter (D), Section 1103.151 of the Texas Insurance Code, "A beneficiary of a life insurance policy or contract forfeits the beneficiary's interest in the policy or contract if the beneficiary is a principal or an accomplice in willfully bringing about the death of the insured."

21. Upon information and belief, Vicente Cuellar is unwilling to waive any rights he may have to the Policy Benefits.

22. Consequently, conflicting issues of fact and law exist as to the proper beneficiary of the Policy Benefits, and Hartford cannot determine which beneficiary is entitled to the Policy Benefits without risking potential exposure to multiple liabilities.

23. Hartford is now, and at all times has been, ready and willing to pay the Policy Benefits to the party legally entitled to them.

24. Hartford is merely a stakeholder and claims no beneficial interest in the Policy Benefits, except for the payment of its reasonable attorneys' fees and costs incurred in bringing this action for interpleader.

25. Hartford cannot determine the proper beneficiary of the Policy Benefits without assuming the responsibility of determining doubtful questions of fact and law, and without incurring the risk of being subject to costs and expenses in defending itself in multiple suits or the possibility of multiple payments of the amount due.

WHEREFORE, The Hartford respectfully requests that the Court:

A. Permit Hartford to pay the Policy Benefits, plus any applicable interest into the registry of this Court;

B. Order Defendants to answer and present their claims to the Policy Benefits;

  C. Issue an Order enjoining and restraining Defendants from instituting or prosecuting any action or proceeding in any State or United States court against Hartford, and related entities, for the recovery of the Policy Benefits, plus any applicable interest or any portion thereof;

  D. Dismiss Hartford with prejudice from this action, and discharge Hartford, and related entities, from any further liability upon payment of the Policy Benefits, plus any applicable interest, into the Registry of this Court, or as otherwise directed by this Court;

  E. Permit Hartford to recover its costs and attorney's fees in connection with this action; and

  F. Order such other and further relief as this Court deems just and proper.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

/s/Kimberly A. Jones
Kimberly A. Jones
Illinois ARDC No. 6293083
kimberly.jones@ogletreedeakins.com
155 N. Wacker Drive, Suite 4300
Chicago, Illinois 60606
Ph: 312.558.1237
Fax: 312.807.3619

29117702.3